UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| GREGORY DWAYNE BROWN,<br><br>Petitioner,<br><br>v.<br><br>V.M. ALMAGER,<br><br>Respondent. | Case No. CV 08-01015 SVW (AN)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California. For the reasons reported below, the Magistrate Judge recommends that the Court deny the First Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("FAP") and dismiss this action with prejudice.

///
///
///

# I. BACKGROUND

## A. State Court Proceedings

On June 27, 2005, Gregory Dwayne Brown ("Petitioner") pled guilty in the Los Angeles County Superior Court (No. KA071144) to the transportation and sale of a controlled substance, possession of cocaine base for sale, and he admitted that he had six prior convictions and two additional enhancements based on the prior convictions, in violation of California Health and Safety Code sections 11352(a), 11351.5, 11370.2 and California Penal Code section 667.5(b), respectively. The trial court suspended Petitioner's prison sentence of fifteen years and four months and placed him on three years of probation, subject to certain terms and conditions. (Clerk's Transcript ("CT") 7-16; Reporter's Transcript ("RT") A1-A15; Lodgments 8, 9.)

On October 29, 2005, Petitioner and his companion were arrested and charged with possession of cocaine base and a crack pipe. The case against Petitioner was later dismissed and he was released from custody. (RT C6-C7.) Shortly later, on November 17, 2005, Petitioner was once again arrested and charged with possession of cocaine found in his motel room. (RT C3-C6.) On November 21, 2005, while Petitioner was in custody awaiting trial, the State instituted probation revocation proceedings against Petitioner. (CT 34-83.) Petitioner's revocation hearing took place on January 27, 2006. The trial court found Petitioner's arrests in October and November 2005, constituted probable cause that Petitioner had violated the terms of his probation, therefore, the trial court revoked his probationary status. (CT 87-88; RT C1-C15.) On February 16, 2006, Petitioner was sentenced to fifteen years and four months in state prison. (CT 100-04; RT C1-D6.)

Petitioner sought direct review of his probation revocation by filing habeas petitions with both of the state appellate courts. (Lodgments 6, 10.) Both petitions were denied. (Lodgments 5, 7; Nos. B192879, S154174.) Petitioner did not seek collateral review in the state courts.

///

B. **Pending Proceedings**

On February 14, 2008, Petitioner filed his original Petition. (Docket No. 1.) Respondent filed a Motion to Dismiss, arguing the first claim of the Petition was unexhausted ("Motion"). (Docket No. 5.) After making a preliminary determination that Ground One was unexhausted, the Magistrate Judge granted Petitioner leave to cure the defect by filing a FAP without the unexhausted claim. (Docket No. 6.) On April 23, 2008, Petitioner filed a timely FAP that deleted the unexhausted claim. (Docket No. 7.) The FAP raises two claims directed at Petitioner's probation violation. (FAP 5.) Respondent filed an Answer, arguing the claims fail on the merits. (Answer 9-16.) Petitioner has filed a Reply and the matter now stands submitted.

## II. DISCUSSION

A. **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The key to triggering AEDPA's deferential standard is a previous "adjudicat[ion] on the merits in State court proceedings." A state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law, if no Supreme Court precedent creates clearly established federal law regarding the habeas claim that petitioner raised in the state court. *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004); *see also Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 654 (2006) (absent a Supreme Court holding on the prejudicial effect of spectators' courtroom conduct, the state court's decision could not have been contrary

1  to or an unreasonable application of clearly established federal law).

2       A state court decision is "contrary to" clearly established Federal law where the
3  state court applies a rule that contradicts the governing law set forth by the Supreme
4  Court or confronts a set of facts that is materially indistinguishable from those in a
5  decision of the Supreme Court and nevertheless arrives at a different result. *Williams*
6  *v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495 (2000). The Supreme Court has
7  emphasized that citation of its cases is not required so long as "neither the reasoning nor
8  the result of the state-court decision contradicts (its governing decisions)." *Early v.*
9  *Packer*, 537 U.S. 3, 8, 123 S. Ct. 362 (2002). What matters is whether the last reasoned
10 *decision* reached by the state court was contrary to controlling Federal law, not the
11 intricacies of the analysis. *Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002).

12      A state court decision involves an "unreasonable application of" clearly
13 established Federal law where the state court identifies the correct governing legal
14 principle from decisions of the Supreme Court, but unreasonably applies that principle
15 to the facts of the case. *Williams*, 529 U.S. at 407-08. To find that a state court has
16 unreasonably applied Supreme Court precedent, a federal habeas court may not merely
17 conclude that, in its independent judgment, the relevant state court decision was
18 incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75-76, 123 S. Ct. 1166 (2003).
19 Rather, the state court's application of clearly established Federal law must be
20 *objectively unreasonable* in view of the operative jurisprudence arising from the
21 Supreme Court's holdings, not *dicta*, at the time the state court rendered its decision.
22 *Id.* at 71-75.

23      AEDPA's deferential standard applies to the claims in the pending FAP. The
24 California Court of Appeal denied both claims on the merits in a reasoned opinion, and
25 the California Supreme Court denied the claims without comment. (Lodgments 5, 7.)
26 While the state high court's denial was silent, it still constitutes a denial "on the merits"
27 for purposes of federal habeas review, *Hunter v. Aispuro*, 982 F.2d 344, 348 (9th Cir.
28 1992), and Petitioner's claims are deemed to have been rejected for the same reasons

given in the last reasoned decision, which in this case was the Court of Appeal's unpublished opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 805, 111 S. Ct. 2590 (1991).

**B.    Facts Established at Trial**

In his first claim, Petitioner contends there was insufficient evidence to support his probation violation. The Court must conduct an independent review of the record when a habeas petitioner challenges the sufficiency of the evidence. *Jones v. Wood*, 114 F.3d 1002, 1008 (9th Cir. 1997). After a careful and exhaustive review of the record, the Court finds Respondent's summary of the pertinent trial facts is based upon an accurate, reasonable determination of the evidence, and thus adopts it as follows:

> On October 29, 2005, Officer Daryll Johnson of the Pomona Police Department was involved in an arrest of Petitioner and Calvin Flowers in Pomona. Petitioner was in a car with Flowers, and Officer Johnson found cocaine base and a crack pipe in the center console between Petitioner and Flowers. The cocaine and pipe were in plain view. Petitioner told Officer Johnson that he did not know there was cocaine in the car. Flowers admitted to Officer Johnson that the items belonged to him. The case against Petitioner was ultimately dismissed, and he was released from custody sometime on November 16 or 17, 2005. (1RT C2-C3, C5-C7.)
>
> On November 17, 2005, at approximately 9:30 p.m., Officer Johnson went to the Trella Motel at 4200 East Mission, room number nine, in Pomona. The room was rented by Petitioner's girlfriend. Officer Johnson entered the room and observed Petitioner lying on his stomach on the right side of the bed. His head was on a pillow, and his hands were underneath the pillow. Officer Johnson found three pieces of cocaine base under the pillow that was on the left

side of the bed. The cocaine was approximately 12 to 16 inches from Petitioner's hands. It weighed .56 grams. (1RT C3-C5, C7-C9.)

Officer Johnson searched the room for indicia of who resided there. He found five pieces of mail with Petitioner's name on them as well as men's clothing and shoes in the closet and drawers which, in Officer Johnson's opinion, were Petitioner's size. Officer Johnson also found "just shy of $300" in two different men's jackets that were hanging in the closet. (1RT C4-C5, C9.)

(Answer 5-6.)

### C.  Insufficient Evidence Claim (Ground One)

Petitioner contends that there was insufficient evidence to support his probation revocation and reinstate his previously suspended prison sentence of fifteen years and four months. (FAP 5; Reply 3-12.)

The role of the habeas court in determining whether evidence is sufficient to support a conviction is limited to whether, "*after viewing the evidence in the light most favorable to the prosecution*, any rational trier of fact could have found the essential elements of the crime." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781 (1979). Further, "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000) (*quoting Jackson*). On federal habeas review, the question is whether the state court unreasonably applied the *Jackson* standard. *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005.)

Probation revocation is not part of a criminal prosecution, therefore, "the full panoply of rights due a defendant in such a proceeding does not apply to [probation]

revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756 (1973). Under California Penal Code section 1203.2(a), a trial court is empowered to revoke probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his probation . . . or has subsequently committed other offenses, regardless whether he has been prosecuted for such offenses." *In re Coughlin*, 16 Cal. 3d 52, 56 (1976). A trial court has a great deal of discretion in determining whether to grant or revoke probation. *Id.*; *In re Larsen*, 44 Cal.2d 642, 645 (1955).

It is well-established that the standard of proof used in a criminal trial, namely the "beyond a reasonable doubt" standard, does not apply in a probation revocation hearing. *In re Coughlin*, 16 Cal. 3d at 56; *People v. Ruelas,* 30 Cal. App.3d 71, 74 (1973); *People v. Youngs*, 23 Cal. App.3d 180, 188 n.6 (1972). Rather, whether the trial court has a "reason to believe" the probationer has violated his probation or committed a new offense only requires proof by a preponderance of evidence. *People v. Rodriguez*, 51 Cal. 3d 437, 441 (1990). Accordingly, probation may be revoked even though evidence of the probationer's violation of a condition of his probation may be insufficient to convict him of the new offense. *People v. Andre*, 37 Cal. App.3d 516, 521 (1974).

Petitioner was released on probation subject to many conditions of release, including the following conditions that he: (1) not use or possess any narcotics; (2) not associate with persons believed to be or known to be narcotic or drug users, sellers, or buyers; (3) obey all laws and orders of the court; and (4) obey all rules and regulations of the probation department. (CT 13-14.) Petitioner claims there was insufficient evidence to establish that he knew Flowers was a drug user or dealer when he and Flowers were arrested in Flower's car on October 29th, and that there was insufficient evidence to show that he used or possessed the drugs found in the motel room where he was arrested a mere nineteen days later on November 17th. (FAP 5; Reply 3-12.) The trial record in this case clearly establishes that Petitioner's insufficient evidence claims

1 | are frivolous, and that there was substantial evidence supporting the trial court's
2 | revocation of his probation.
3 |      As to Petitioner's October 29th arrest, there is substantial evidence showing that Petitioner knew Flowers was a drug seller or user. The police report and Officer Johnson's testimony at the revocation hearing established that the cocaine base and crack pipe were found in plain view in the center console of Flower's car, right between where Petitioner and Flowers were seated at the time of their arrest. (CT 41; RT C5-C7.) Flowers admitted to the arresting officer that the contraband belonged to him and he later pled guilty to possessing the narcotics found in the car. (*Id.*) It is undisputed that Flowers was a drug user and was in possession of the drugs, and the cocaine base and crack pipes were found between Flowers and Petitioner. There was more than ample evidence for the trial court to find that Petitioner was in violation of the condition that he not associate with persons known to be drug users.

     Likewise, the evidence relating to Petitioner's November 17th arrest was also sufficient to support the trial court's finding that Petitioner violated the condition forbidding him from using or possessing any narcotics because this evidence showed Petitioner had constructive possession of the cocaine found in the motel room. Constructive possession is established if the "defendant both knows of the presence of the contraband and has power to exercise dominion and control over it." *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir. 1985.) In other words, constructive possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the defendant and subject to his dominion and control, or to the joint dominion of the defendant and another person. *Id.* In the instant case, Petitioner was found lying on a bed with his hands twelve to sixteen inches away from three pieces of rock cocaine weighing 0.56 grams. (CT 40; RT C3-C4.) The record also showed Petitioner was clearly living in the motel room, as evidenced by the clothes and shoes found in the closet in Petitioner's size and five pieces of mail addressed in his name. (CT 40-43; RT C3-C5, C9.)

Based upon the foregoing, the Court finds there was sufficient evidence in the record supporting the trial court's finding that Petitioner violated the terms of his probation by using or possessing cocaine, and by associating with a person believed to be or known to be narcotic or drug user. Accordingly, Petitioner is not entitled to federal habeas relief on Ground One.

**D.   Due Process Right to Written Notice (Ground Two)**

Petitioner principally argues that he was deprived of his due process rights to written notice of the probation violation when the trial court revoked his probationary status and imposed the previously suspended prison sentence on grounds other than those stated in the district attorney's request to revoke probation. (FAP 5; Reply 12-15.) More specifically, Petitioner contends that he was not given fair notice of the probation violations because his probation was ultimately revoked due to association with a drug user and possession of cocaine, and <u>not</u> because he "failed to obey all laws" as stated in the district attorney's request form. (*Id.*) This claim is plainly meritless.

The liberty interest of a parolee is protected by the due process clause. *See Morrissey*, 408 U.S. at 482; *Gagnon*, 411 U.S. at 782. In conducting a parole revocation proceeding, the minimum requirements of due process require: (1) written notice of the claimed violations; (2) disclosure to the parolee of the evidence against him; (3) an opportunity to be heard in person and to present evidence and witnesses; (4) the right to confront adverse witnesses, unless there is good cause for not allowing confrontation; (5) a neutral and detached hearing body such as a parole board; and (6) a written statement by the factfinders as to the evidence relied upon and reasons for revocation. *Id.* at 488-89; *Gagnon*, 411 U.S. at 782; 18 U.S.C. § 4214. Here, except for the written notice requirement, Petitioner does not allege that he was deprived of any of the remaining procedural safeguards. (FAP 5; Reply 12-15.)

As discussed above, on November 21, 2005, the Los Angeles District Attorney's office filed the Request for Revocation of Probation ("Request"). The district attorney's declaration in support of the Request states, in pertinent part, that Petitioner "violated

his probation by committing the following crime(s): H.S. 11350-FAILED TO OBEY ALL LAWS." (CT 34-35.) The Request included the police reports detailing the specific probation violations that resulted in Petitioner's arrests on October 29th and November 17th for possessing cocaine and associating with a drug user. (CT 36-83.)

The record clearly establishes that Petitioner was sufficiently apprised of the bases for his two parole violations. Indeed, the Request set forth with particularity that Petitioner "failed to obey all laws" based on the extensive police reports that were attached to the Request which set forth the specific parole violations. Petitioner had more than two months before the revocation hearing to prepare his defense. *In re Gault*, 387 U.S. 1, 33, 87 S. Ct. 1428 (1967) ("Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.'") At no time during the probation revocation hearing did Petitioner's counsel indicate that he was unprepared for, or surprised by, Officer Johnson's hearing testimony. To the contrary, as the Court of Appeal found, Petitioner's counsel was prepared when he cross-examined the police officer and presented argument "without ever indicating that counsel was unaware of the reasons for the district attorney's request to revoke probation." (Lodgment 5 at 6.)

Based on the foregoing, the Court finds the state courts' rejection of Ground Two was not contrary to, or involved an unreasonable application of, clearly established Supreme Court law; and that it was not based upon an unreasonable determination of the evidence. Accordingly, Petitioner is not entitled to habeas relief on Ground Two.

///
///
///

## III. RECOMMENDATION

In accordance with the foregoing, IT IS RECOMMENDED that the Court issue an order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing this action with prejudice.

Dated: September 17, 2008

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE